

BEFORE THE JUDICIAL PANEL JUL 11 1972
ON
MULTIDISTRICT LITIGATION PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TEXAS GULF SULPHUR ) 
SECURITIES LITIGATION )               DOCKET NO. 100

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE
PANEL

PER CURIAM

The complaint filed by plaintiff Fox in the
District of Utah is the latest action to be brought against
Texas Gulf Sulphur Company ("TGS") and its officers arising
from the dissemination of news and information with respect
to that company's major mineral discovery in Canada in 1963
and 1964.  At present 69 private damage actions against TGS
alleging violations of Section 10(b) of the Securities
Exchange Act and Rule 10b-5 promulgated thereunder are
pending in the Southern District of New York.  Defendants
have moved the Panel to transfer the Fox action to the
Southern District of New York for coordinated or consoli-
dated pretrial proceedings with those cases, pursuant to
28 U.S.C. §1407.  All responding parties, except plaintiff
Fox, favor transfer.  We find that transfer of this action

_____
* Although Judges Wisdom and Becker were not present at
the hearing, they have, with the consent of all parties,
participated in this decision.

- 2 -

will prevent inconsistent class action determinations, avoid duplicative discovery and in general promote the just and efficient conduct of the litigation.

This litigation began in 1965 when the Securities and Exchange Commission filed an action against TGS and its officers in the Southern District of New York alleging violations of the federal securities laws. A wave of private damage actions followed in various jurisdictions in both state and federal courts, although the bulk of the litigation was commenced in the Southern District of New York. Where possible, state cases were removed to federal courts and cases pending in the federal courts were transferred to the Southern District of New York pursuant to 28 U.S.C. §1404(a). The Honorable Dudley B. Bonsal was appointed to coordinate the proceedings in the SEC action and in all of the private damage actions in that district. In addition, eighteen private damage actions arising from the same facts are pending in New York state court and are being coordinated, so far as pretrial proceedings are concerned, with the cases in the Southern District of New York.

In 1966 an individual action (hereinafter Reynolds) was commenced by plaintiff Reynolds in the District of Utah against TGS and its officers. Defendants' motion to have that case transferred under 28 U.S.C. §1404(a)

- 3 -

to the Southern District of New York was denied by the
district court.[1/]   Subsequent to this ruling three more
actions against TGS were filed in the District of Utah
and consolidated with the Reynolds action for trial.

Meanwhile, in the New York proceedings Judge Bonsal
established the so-called Cannon class, which consists
of all persons who sold TGS stock between April 12, 1964,
and 10:55 a.m. on April 16, 1964, at a price of $33 per
share or less, in alleged reliance on the press release
issued by TGS on April 12, 1964.[2/]   Subsequent to the
establishment of the Cannon class, Judge Willis W. Ritter
announced his decision on the merits  in favor of plain-
tiffs in the Reynolds case.[3/]   Counsel for Reynolds, now
representing Fox, filed a post-trial motion to have the
Reynolds case declared a class action on behalf of a class
that encompassed both the Cannon class and persons who sold
TGS stock after 10:55 a.m. on April 16, 1964.   Judge Ritter
denied the motion and that decision was affirmed on appeal.[4/]

---

1/  Defendants also petitioned the Court of Appeals for the
Tenth Circuit for a writ of mandamus requiring transfer under
Section 1404(a) and were denied.  Texas Gulf Sulphur Co. v.
Ritter, 371 F.2d 145 (10th Cir. 1967).
2/  Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60 (S.D.N.Y.
1969).
3/  Reynolds v. Texas Gulf Sulphur Co., 309 F. Supp. 548 (D.
Utah 1970).
4/  Reynolds v. Texas Gulf Sulphur Co., 309 F. Supp. 548 (D.
Utah 1970), aff'd sub nom.  Mitchell v. Texas Gulf Sulphur
Co., 446 F.2d 90 (10th Cir. 1971), cert. denied, 40 U.S.L.W.
3288 (Dec. 20, 1971), rehearing on petition denied, 40 U.S.L.W.
3352 (Jan. 24, 1972), cert. denied,  40 U.S.L.W. 3299 (Feb. 22,
1972).

- 4 -

During the course of this appeal, Reynolds and
Fox sought to intervene in the New York proceedings.  Judge
Bonsal denied the application of Reynolds to intervene on
the ground that he had already recovered judgment in Utah
on the claim that he sought to make in New York.  He also
denied both applications on the ground that Reynolds and
Fox were not members of the Cannon class as previously
defined.  Reynolds and Fox then moved to expand the Cannon
class action definition to include a class as broad as the
one defined in the Fox complaint.  This motion and similar
motions by New York plaintiffs were denied.[5/]

Following these setbacks, Fox filed his complaint
in the District of Utah.  The action is brought as a class
action alleged to consist of persons who sold TGS stock
after 10:55 a.m. on April 16, 1964, on April 17, 1964, and
persons who sold during an undetermined period thereafter.

The movants assert that the Fox action is the
only TGS securities action pending in a federal court
other than the Southern District of New York.  A settlement
agreement has been reached between plaintiffs and defendants
in 63 of the 69 private damage actions pending in the New
York federal court, and in thirteen of the eighteen cases
pending in the New York state court.  But the parties

---

[5/]  Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D.N.Y.
1971).

- 5 -

favoring transfer point out that even if the proposed
settlement is approved[6/] there will remain before Judge
Bonsal cases in which pretrial proceedings will have to
be conducted.  And it is asserted that absent transfer of
the Fox action there will certainly be overlapping and
duplicitous discovery.  The major thrust of movants' argu-
ment, however, is that transfer is necessary to prevent
conflicting class action determinations.

In order to promote the just and efficient conduct

Fox opposes transfer to the Southern District of
New York.  He argues that all of the discovery that resulted
in the Reynolds judgment and that is pertinent to his
action is available to him in the District of Utah and
that only factual questions of an individual nature remain
to be discovered.  Fox also asserts that transfer will
effectively preclude him from establishing his class
action claims.

In order to promote the just and efficient conduct
of multidistrict litigation and to avoid duplication in
discovery, we have consistently transferred cases that
involve common questions of fact to a single district for
coordinated or consolidated pretrial proceedings.  See,
e.g., In re Hotel Telephone Charge Antitrust Litigation,
___ F. Supp. ___ (J.P.M.L. March 30, 1972).  It is clear

---

6/  At a hearing held on March 9, 1972, Judge Bonsal reserved
decision on the proposed settlement until he has time to
determine whether the settlement is fair, reasonable, adequate
and proper.

- 6 -

that even though Fox is not a member of the Cannon class
the facts that he would have to prove as an individual
litigant will involve much of the same discovery applicable
to the non-settling cases in the Southern District of New
York.  Furthermore, we are not persuaded of the sincerity
of counsel's arguments opposing transfer especially since
he tried before, albeit unsuccessfully, to have his client
included in the proceedings in the Southern District of
New York.

From the papers filed and the arguments presented
at the hearing, it is obvious that the crux of the opposi-
tion to transfer centers on the ability of Fox, if trans-
ferred, to act as the representative of a class.  The
New York court has already ruled that there is not sufficient
numerosity under Rule 23 to justify setting up the class
alleged by Fox.[7]  We have frequently held that the possibi-
lity of inconsistent class action determinations is an
important factor favoring transfer.  See, e.g., In re Career
Academy Antitrust Litigation, ___ F. Supp. ___ (J.P.M.L.
April 28, 1972); In re Refrigerant Gas Antitrust Litigat-
tion, 334 F. Supp. 996 (J.P.M.L. 1971).  And the prospect
of an unfavorable ruling by the transferee court or
the possibility that another district judge may be more
favorably disposed to a litigant's contentions are clearly

[7]  Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D.N.Y.
1971).

- 7 -

not factors considered by the Panel in determining whether
transfer for coordinated or consolidated pretrial pro-
ceedings is appropriate.  Cf. In re Plumbing Fixtures Litiga-
tion, ___ F. Supp. ____ (J.P.M.L. May 5, 1972); In re Motion
Picture "Standard Accessories" and "Pre-Vues" Antitrust
Litigation, ___ F. Supp. ____ (J.P.M.L. March 20, 1972).

IT IS THEREFORE ORDERED that the action C. Irvin
Fox v. Texas Gulf Sulphur Company, et al., D. Utah, Civil
Action No. 18-72, be, and the same hereby is, transferred
to the Southern District of New York, and, with the consent
of that court, assigned to the Honorable Dudley B. Bonsal
for coordinated or consolidated pretrial proceedings, pur-
suant to 28 U.S.C. §1407, with the actions listed on
Schedule A.



SCHEDULE A                                               DOCKET NO. 100

SOUTHERN DISTRICT OF NEW YORK

Betty B. Alexander, et al. v. Texas Gulf          Civil Action
Sulphur Co., et al.                               No. 65 Civ. 1632

John Astor v. Texas Gulf Sulphur Co.,             Civil Action
et al.                                            No. 65 Civ. 3078

Bank of Bermuda, Ltd., as Trustee, et al.         Civil Action
v. Texas Gulf Sulphur, Inc., et al.               No. 69 Civ. 453

Henry Berwind, et al. v. Texas Gulf               Civil Action
Sulphur, Inc., et al.                             No. 71 Civ. 2395

Paul D. Bieber, et al. v. Texas Gulf              Civil Action
Sulphur, Co., et al.                              No. 65 Civ. 1237

Jerome Blum v. Texas Gulf Sulphur Co.,            Civil Action
et al.                                            No. 65 Civ. 2644

Morris Borrack, et al. v. Charles F.              Civil Action
Fogarty, et al.                                   No. 65 Civ. 3699

Mrs. Katie Brown v. Texas Gulf Sulphur            Civil Action
Co., et al.                                       No. 67 Civ. 898

Victor M. Cannon, Jr., Donald M. Green, et al.    Civil Action
v. Texas Gulf Sulphur Co., et al.                 No. 65 Civ. 3114

James Cloherty, et al. v. Francis G. Coates,      Civil Action
et al.                                            No. 65 Civ. 1581

Colonial Realty Corp. v. Francis G. Coates,       Civil Action
et al.                                            No. 65 Civ. 2106

Ben Comroe v. Texas Gulf Sulphur Co., et al.      Civil Action
                                                  No. 69 Civ. 4531

William H. Darrough, Jr., et al. v. Francis G.    Civil Action
Coates, et al.                                    No. 65 Civ. 1421

Dick M. Dyer v. Texas Gulf Sulphur Co.,           Civil Action
et al.                                            No. 69 Civ. 1510

Isodore Fink v. Francis G. Coates, et al.         Civil Action
                                                  No. 65 Civ. 2105

Abraham Fischer v. Texas Gulf Sulphur Co.,        Civil Action
Inc., et al.                                      No. 65 Civ. 3273

- 2 -

SCHEDULE A.                                         DOCKET NO. 100

   SOUTHERN DISTRICT OF NEW YORK (Continued)

Morris Floyd, et al. v. Texas Gulf Sulphur        Civil Action
Co., et al.                                       No. 70 Civ. 1215

Harry H. Frackman, et al. v. Texas Gulf           Civil Action
Sulphur Co., et al.                               No. 65 Civ. 2800

Lillian Frieman, et al. v. Texas Gulf             Civil Action
Sulphur Co., et al.                               No. 65 Civ. 3115

Benjamin Frey, et al. v. Texas Gulf               Civil Action
Sulphur Co., et al.                               No. 65 Civ. 2225

Samuel Glatstein, et al. v. Texas Gulf            Civil Action
Sulphur Co., Inc., et al.                         No. 66 Civ. 719

Jack Greenapple, et al. v. Charles F.             Civil Action
Fogarty, et al.                                   No. 65 Civ. 1826

George Greenberg v. Texas Gulf Sulphur            Civil Action
Co., et al.                                       No. 65 Civ. 1629

Seymour Greene v. Texas Gulf Sulphur Co.,         Civil Action
et al.                                            No. 70 Civ. 1372

Clarence Vaughn Griffin, Sr. v. Texas             Civil Action
Gulf Sulphur Co., et al.                          No. 65 Civ. 3665

Estelle E. Gross, et al. v. Texas Gulf            Civil Action
Sulphur Co., et al.                               No. 65 Civ. 2636

James A. Hamill v. Texas Gulf Sulphur             Civil Action
Co., et al.                                       No. 67 Civ. 1395

Jeanne W. Harris, et al. v. Charles F.            Civil Action
Fogarty, et al.                                   No. 65 Civ. 1045

Hiram M. Helm v. Texas Gulf Sulphur Co.,          Civil Action
et al.                                            No. 67 Civ. 222

Charles Jagerman, et al. v. Texas Gulf            Civil Action
Sulphur Co., et al.                               No. 65 Civ. 2348

Sheldon Jahss, et al. v. Texas Gulf               Civil Action
Sulphur Co., et al.                               No. 65 Civ. 3230

William C. Kinder, et al. v. Texas Gulf           Civil Action
Sulphur Co.                                       No. 66 Civ. 1448

- 3 -

SCHEDULE A.                                      DOCKET NO. 100

SOUTHERN DISTRICT OF NEW YORK (Continued)


| | |
|---|---|
| Edward King v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 4747 |
| Margaret F. Kuck v. Claude O. Stephens, et al. | Civil Action No. 65 Civ. 2810 |
| Benjamin H. Lehman v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 3254 |
| Harriet L. MacIver v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 2992 |
| Harriet L. MacIver v. Charles Fogarty, et al. | Civil Action No. 70 Civ. 1403 |
| Oscar Manchik, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1565 |
| Michael Marchesano, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1876 |
| Harry H. Marmon, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1371 |
| George D. Meisner v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 1644 |
| Winston K. Moore, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 268 |
| Lillian Moran, et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2666 |
| Jessie C. Nicholson v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2866 |
| Isobel T. O'Brien v. Charles F. Fogarty, et al. | Civil Action No. 65 Civ. 1692 |
| Arthur S. Padgett, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 3232 |
| Mollie Pomerantz, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ  9 |

- 4 -

SCHEDULE A                                    DOCKET NO. 100

### SOUTHERN DISTRICT OF NEW YORK (Continued)

| | |
|---|---|
| Provident National Bank as Trustee, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 70 Civ. 3704 |
| Sam Houston Life Insurance Co., et al. v. Texas Gulf Sulphur Co. | Civil Action No. 66 Civ. 2810 |
| Milton Shapiro, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2765 |
| Jacob Siegel, et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 3263 |
| George Simon, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3656 |
| Lillian B. Smith, et al. v. Edward M. Lamont, et al. | Civil Action No. 70 Civ. 1429 |
| James R. Spradlin, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 212 |
| John W. Vogel, et al. v. Claude O. Stephens, et al. | Civil Action No. 65 Civ. 2092 |
| William R. Weill v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 1037 |
| William B. Weinberger, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 1583 |
| Jadwiga A. Wellisz v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 3305 |
| George C. Wells, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2424 |
| Fred C. White v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2701 |
| Clayton Winters, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3375 |
| Leon J. Wise, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1186 |
| Ernest C. Woolley, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 68 Civ. 4335 |

- 5 -

SCHEDULE A                                    DOCKET NO. 100

### SOUTHERN DISTRICT OF NEW YORK (Continued)

| | |
|---|---|
| Pat J. Zack, et al. v. Texas Gulf Sulf Sulphur Co., et al. | Civil Action No. 66 Civ. 1095 |
| Bruce J. Zweben, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 66 Civ. 692 |
| A. W. Jones Associates v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3219 |
| Alex Brynin, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1718 |
| Edward Milberg, et al. v. Leslie M. Cassidy, et al. | Civil Action No. 65 Civ. 2904 |
| Edward Milberg v. Edward Lamont, et al. | Civil Action No. 70 Civ. 1508 |

### DISTRICT OF UTAH

| | |
|---|---|
| C. Irvin Fox, etc. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 18-72 |